# In the United States Court of Federal Claims

No. 24-1810

Filed: February 7, 2025

|   |   |
|---|---|
| PETER POLINSKI, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant*. | ) |

**ORDER**

      Peter Polinski, proceeding pro se, alleges that various state agencies and government officials have violated his constitutional rights. *See* ECF No. 1 at 2.[1] He also seeks leave to proceed *in forma pauperis*. ECF No. 16. The court briefly addresses each in turn.

      Because Mr. Polinski has sought leave to proceed *in forma pauperis*, the court screens the complaint to ensure that it states a claim. 28 U.S.C. § 1915(e)(2). If this screening reveals that the complaint fails to state a claim or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b)(2). As explained below, because this court lacks subject matter jurisdiction, it must dismiss this action. See Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

**I.  This court lacks subject matter jurisdiction over this action.**

      This court's primary grant of jurisdiction appears in the Tucker Act, which provides that this court:

> shall have jurisdiction to render judgment upon any claim against
> the United States founded either upon the Constitution, or any Act
> of Congress or any regulation of an executive department, or upon
> any express or implied contract with the United States, or for
> liquidated or unliquidated damages in cases not sounding in tort.

---

[1] Because the exhibits do not include page numbering, the court cites to the ECF Header for pagination.

28 U.S.C. § 1491(a)(1).  But "[t]he Tucker Act, of course, is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976).  To invoke this court's jurisdiction, Mr. Polinski must identify a "separate source of substantive law that creates the right to money damages."  *Greenlee Cnty. v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (internal quotation marks omitted) (quoting *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)).  A statute or regulation is money-mandating if it "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."  *Testan*, 424 U.S. at 400 (citations omitted).  Such "money-mandating provisions are uncommon[.]"  *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 324 (2020) (citing M. Solomson, Court of Federal Claims: Jurisdiction, Practice, and Procedure 4–18 (2016)).

It is Mr. Polinski's burden to establish this court's jurisdiction by a preponderance of the evidence.  *Stephens v. United States*, 884 F.3d 1151, 1156 (Fed. Cir. 2018).  When determining whether this court has jurisdiction, "the court accepts as true all uncontroverted factual allegations in the complaint, and construes them in the light most favorable to the plaintiff."  *Id*. at 1155 (internal quotation marks omitted) (quoting *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014)).  Because Mr. Polinski appears pro se, the court holds his pleadings to "less stringent standards than formal pleadings drafted by lawyers."  *Naskar v. United States*, 82 Fed. Cl. 319, 320 (2008) (internal quotation marks omitted) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  That leniency, however, does not relieve Mr. Polinski from establishing this court's jurisdiction.  *Stephens*, 884 F.3d at 1156; *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).  If Mr. Polinski fails to establish jurisdiction, this court must dismiss the complaint.  RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Outlaw v. United States*, 116 Fed. Cl. 656, 658–59 (2014).

From what the court can discern, Mr. Polinski attempts to raise, among many others, a Fifth Amendment takings claim in his complaint and lists various New York state and local officials as 'Parties' to his complaint. ECF No. 1 at 10.  Specifically, Mr. Polinski claims constitutional violations, predominately takings, effectuated by the Office of the Comptroller of the City of Utica, New York; the Sheriff and Deputies of Oneida, New York; a Utica City Court Judge and Court Clerk; and the Mayor of Utica, among others.  ECF No. 1 at 12, 14, and 18.  Even assuming all alleged facts in the complaint to be true and construing them in the best light for Mr. Polinski, this court lacks jurisdiction to hear his claims for multiple reasons.

First, to the extent that Mr. Polinski's allegations are against the State of New York, the City of Utica, the City of Oneida, or the individual representatives of those entities, *see* ECF No. 1 at 11, this court lacks jurisdiction to hear those claims.  Again, under the Tucker Act, this court's jurisdiction is limited to cases against the United States.  28 U.S.C. § 1491(a)(1).  This jurisdiction does not extend to any other party, and "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court."  *United States v. Sherwood*, 312 U.S. 584, 588 (1941).  Thus, this court does not have jurisdiction over cases against individual federal or state officials.  *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997); *Sherwood*, 312 U.S. at 588.  The court must dismiss the complaint insofar as it brings claims against any entity other than the United States.

Second, much of the complaint appears to be a collateral attack on state and/or district court litigation. For example, Mr. Polinski complains that a state court judge and a state prosecutor "allow[ed] perjury on the record at Utica City Court and initiating a malicious prosecution against [Plaintiff], they deprived the plaintiff of due process of law, a fair trial by a jury of their peers, and the right to confront their accusers . . . . The malicious prosecution and subsequent imprisonment of the plaintiff amounted to involuntary servitude, violating the Thirteenth Amendment." ECF No. 1 at 18. Mr. Polinski also refers to various incidents at a federal courthouse in Utica, New York, but it is not clear whether he complains about any federal litigation in this action. *See, e.g.*, ECF No. 1 at 15. In any event, this court has no authority to review a federal district court's decisions or judgments (to the extent there is a claim about federal court litigation). *E.g., Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts."). The same is true concerning state court rulings. *E.g., Robinson v. United States*, 135 Fed. Cl. 556, 560 (2017) ("[T]o the extent that the complaint . . . could be read to include a request that this court invalidate or otherwise reverse [a] state court decision . . . the court is powerless to review the decisions of state courts.") (citation omitted). To the extent that Mr. Polinski challenges proceedings in other courts, this court lacks jurisdiction and dismisses those claims.

Third, Plaintiff's allegations fail to establish a money-mandating source of law, which is necessary to establish this court's jurisdiction. Plaintiff asserts many constitutional violations (by state officials) that this court lacks jurisdiction over even if the court did not lack jurisdiction over state officials. Here, Plaintiff alleges violations of the Fourth, Fifth,[2] Sixth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Amendments, substantive due process, Article I, section 8, Article III, section 3, and various other provisions. ECF No. 1 at 5, 12–14 (Comptroller of the City of Utica, NY), 16–18 (Oneida County Sheriff's Department), 19–22 (Utica City Court and officials), 22–23 (City of Utica), 24-25 (Oneida County Executive), 26-28 (Oneida County District Attorney's Office), 29–31 (Utica Police Chief and unnamed officers), 32–33 (New York State). Putting aside the fact that these claims are against state officials, none of these allegations involve money mandating provisions because, "except for the taking clause of the [F]ifth [A]mendment, the other amendments do not require the United States to pay money for their alleged violation" and thus are not money-mandating sources of law. *Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (per curiam); *see also, e.g., Taylor v. United States*, 844 F. App'x 369, 371 (Fed. Cir. 2021) ("Because 'the Fourth Amendment does not mandate the payment of money for its violation,' the [Court of Federal Claims] does not have jurisdiction over Fourth Amendment claims.") (quoting *Brown*, 105 F.3d at 623); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.") (citing *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) ("The Court of Federal Claims, however, does not have jurisdiction to render judgment on claims against the United States based on the Sixth Amendment because it is not money mandating.") (citing *Maxberry v. United States*, 722 F. App'x 997, 1001 (Fed. Cir. 2018)); *Drake*, 792 F.

---

[2] Here, the court addresses Mr. Polinski's claims under the Fifth Amendment's Due Process Clause. The court addresses his taking claim below.

App'x at 920 n.6 ("[T]he Seventh Amendment is not money-mandating and[] . . . does not confer jurisdiction on the Court of Federal Claims.") (citing *Sherwood*, 312 U.S. at 587); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (per curiam) ("The Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment, as the Eighth Amendment 'is not a money-mandating provision.'") (quoting *Edelmann v. United States*, 76 Fed. Cl. 376, 383 (2007)); *LeBlanc*, 50 F.3d at 1028 (holding that the Fourteenth Amendment's Due Process and Equal Protection clauses do not confer jurisdiction to this Court "because they do not mandate payment of money by the government") (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (1980)); *Maxberry*, 722 F. App'x at 1000. Similarly, Article I, Section 8 is not money-mandating. *Stephens v. United States*, 165 Fed. Cl. 341, 348 (2023) (citing *Fisher v. United States*, No. 17-1971C, 2018 WL 1325042, at *3 (Fed. Cl. Mar. 15, 2018)). Nor is Article III, section 3. *E.g.*, *Colter v. United States*, No. 19-1131C, 2020 WL 1164802, at *2 (Fed. Cl. Mar. 10, 2020) (collecting cases that provisions of Article III other than relating to judicial compensation are not money-mandating). The court again must dismiss these claims that are not based on money-mandating sources of law.

Fourth, Mr. Polinski alleges various torts by these state officials, including defamation, unjust enrichment, negligence, etc. He also alleges assault and battery by certain United States Marshals. ECF No. 1 at 15. This court lacks jurisdiction over any of these claims because the Tucker Act limits this court's jurisdiction to claims "not sounding in tort." 28 U.S.C. § 1491(a)(1); *Harvey v. United States*, 845 F. App'x 923, 926 (Fed. Cir. 2021) ("The Tucker Act specifically excludes claims "sounding in tort" from the jurisdiction of the [Court of Federal Claims]."). Therefore, the court must dismiss the complaint insofar as it complains of various torts.

Fifth, Mr. Polinski alleges that "[t]he United States is liable for the actions of state employees who violated the plaintiff's civil rights under Title 42 U.S.C. § 1983." ECF No. 1 at 33. Not so. If Mr. Polinski believes state officials violated his rights, his remedy is to sue them, not the United States. 42 U.S.C. § 1983 (making a "person" liable). In any event, this court lacks jurisdiction over any claim under Section 1983 because Congress vested jurisdiction over those claims in the district courts. *E.g.*, *Wickramaratna v. United States*, No. 2022-1786, 2022 WL 17495907, at *1 (Fed. Cir. Dec. 8, 2022). And when Congress vests jurisdiction in the district courts, this court "lacks subject matter jurisdiction over" such claims because "[t]he Court of Federal Claims is not a district court of the United States . . . ." *Ledford v. United States*, 297 F.3d 1378, 1382 (Fed. Cir. 2002).

Mr. Polinski has also filed an amended complaint to add claims against New York's Treasurer and the United States. ECF No. 12.[3] As explained above, however, this court lacks

---

[3] Mr. Polinski's amended complaint includes only the new claim against a New York Treasurer and a new claim against the United States that were not included in the initial complaint. Although such a filing would abandon the claims from the original complaint not included in the amended complaint, Mr. Polinski clearly intends to add these two claims rather than abandon the prior claims in his original complaint. Given the leniency with which the court considers his pleadings, the court addresses the amendment as adding to, rather than replacing, the prior complaint.

jurisdiction over claims against state officials. Mr. Polinski similarly alleges various torts by this state official, which are also outside this court's jurisdiction for the reasons explained above. Mr. Polinski also alleges that the United States failed to ensure that the New York State Treasurer acted properly. ECF No. 12 at 8.[4] But this argument fails to identify any money-mandating source of law requiring the United States to compensate him , meaning that this court lacks jurisdiction over such an allegation. Similarly unavailing is Mr. Polinski's assertion that the United States has an obligation to intervene and ensure that New York does not violate his rights, ECF No. 12 at 4. This assertion also fails to find any purchase in a money-mandating statute. As a result, the allegations in the amended complaint are outside this court's jurisdiction.

Because this court lacks jurisdiction over any claim Mr. Polinski alleges, the court dismisses the complaint for lack of subject matter jurisdiction.

## II. The court will not seal the entire record but will give Mr. Polinski one more chance to propose redactions to his pleadings.

Turning to Mr. Polinski's desire to seal the record, he filed his complaint under seal without seeking leave to do so or providing any reason to seal the record. The court, therefore, ordered him to show cause why the court should retain the seal over the pleadings in this case. ECF No. 5. In that order, the court directed Mr. Polinski to propose redactions to any portions of the record that he believed should remain under seal.

In response, Mr. Polinski did not propose redactions; he moved to have the entire record sealed because he believes that his privacy interests mandate such protection. ECF No. 9. The court denied the motion because there is no basis to seal the entire record in this case. ECF No. 14. That said, the court did give Mr. Polinski another chance to propose redactions to specific portions of the record on or before January 30, 2025. *Id*. Mr. Polinski has not done so. Because service is taking place by mail and the court has experienced some delays with mail service recently, the court will wait a few more days before unsealing the record. If the court has not received proposed redactions to the record in this case by February 15, 2025, the court will unseal the entire record in this case.

## III. Petition to proceed in forma pauperis

The court denied Mr. Polinski's initial motion to proceed in forma pauperis because he failed to answer a question about how he was paying his expenses. See ECF No. 13. Plaintiff has again moved to proceed in forma pauperis and his new motion states that he has no expenses. ECF No. 16 at 2. While the court is skeptical of Mr. Polinski's answer, the court will grant the motion so that the case may be disposed of promptly.

## IV. Conclusion

For the foregoing reasons, the court:

---

[4] Because ECF No. 12 does not include consecutive pagination, the court cites to the ECF header.

    1. **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis*, ECF No. 16;

    2. **DISMISSES** the complaint, ECF Nos. 1 & 12, for lack of subject matter jurisdiction;

    3. **DENIES-AS-MOOT** Plaintiff's motion for preliminary injunction, ECF No. 17; and

    3. **DIRECTS** the Clerk's Office to enter judgment accordingly.

It is so ORDERED.

                                                                                                 s/ Edward H. Meyers
                                                                                                 Edward H. Meyers
                                                                                                 Judge