# In the United States Court of Federal Claims

No. 24-1810
Filed: February 26, 2025

|  |  |
|---|---|
| PETER POLINSKI, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## ORDER

Peter Polinski, proceeding pro se, alleges that various state agencies and government officials have violated his constitutional rights. This court dismissed his complaint for lack of subject matter jurisdiction. ECF No. 20. Mr. Polinski moves for reconsideration.

When seeking reconsideration under Rule 59, the movant must "demonstrate[] that: '(1) there has been an intervening change in controlling law; (2) previously unavailable evidence has been discovered; or (3) reconsideration is necessary to prevent manifest injustice.'" *Maehr v. United States*, 767 F. App'x 914, 916 (Fed. Cir. 2019) (quoting *Heritage of Am. v. United States*, 77 Fed. Cl. 81, 82 (2007)). In this context, a "manifest injustice" is an "injustice that is apparent to the point of almost being indisputable." *Lone Star Indus., Inc. v. United States*, 111 Fed. Cl. 257, 259 (2013). But motions for reconsideration do not "give an 'unhappy litigant an additional chance to sway' the court." *Matthews v. United States*, 73 Fed. Cl. 524, 525 (2006) (quoting *Froudi v. United States*, 22 Cl. Ct. 290, 300 (1991)). Put another way, a motion to reconsider is not a proper vehicle to relitigate issues that the court already decided. *Dairyland Power Coop. v. United States*, 106 Fed. Cl. 102, 104 (2012). Mr. Polinski fails to identify any error justifying reconsideration.

First, he asserts that this court failed to consider that the U.S. Marshals' arrest and detention led to the state court proceedings and, according to Mr. Polinski, are the proximate cause of all the events. ECF No. 22 ¶ 1. Even if this court assumes that to be correct, it is not relevant to the issue before the court. As the court explained, this court may not review the decisions of state courts. ECF No. 20 at 3 (discussing this court's lack of jurisdiction to review state court decisions). Again, if Mr. Polinski is unhappy with the state court proceedings, his recourse is through the appellate process, not a collateral attack in this court.

Second, Mr. Polinski argues that the United States "fraudulently misappropriated" assets belonging to him through a court case. ECF No. 22 ¶ 2. This argument fails for two reasons.

Again, to the extent Mr. Polinski argues that a court case resulted in his alleged loss of property, his recourse is through the appellate process. And this allegation of "fraudulent misappropriation" undoubtedly sounds in tort and is not within this court's jurisdiction. *E.g.*, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). This argument fails to provide any basis for the court to reconsider its prior decision.

Third, Mr. Polinski argues that this court did not adequately consider federal funding of county activities. ECF No. 22 ¶ 3. As the court previously explained, this court's jurisdiction is limited to claims against the United States. ECF No. 20 at 2. Even if the federal government is funding Oneida County, that is not sufficient to make the United States liable for the alleged actions of the county. And as the court further explained before, Mr. Polinski failed to meet his burden of showing a money-mandating source of law making the United States liable for monetary damages in this case. *Id.* at 3-4. The bare allegation of federal funding does not meet that burden either. Again, there is nothing in this argument justifying reconsideration.

Fourth, Mr. Polinski argues that "Oneida County bonded this case, demonstrating that a contractual relationship governed by 48 C.F.R. Sections [sic] 28 and 52 (Federal Acquisition Regulation). This establishes a direct link between the County's actions and Federal contract law, further implicating Federal Jurisdiction." ECF No. 22 ¶ 4. This argument is frivolous. Whatever contract Mr. Polinski alleges exists here has nothing to do with the United States. He alleges that Oneida County, not the United States, entered into a contract. That does not create a contract with the United States, meaning it does nothing to change the jurisdictional analysis. Nor does the FAR govern any such contract. By its own terms, the FAR applies to "acquisitions" as that term is defined in the FAR itself. 48 C.F.R. § 1.104. And the FAR defines an Acquisition as "the *acquiring* by contract with appropriated funds of *supplies or services* (including construction) *by and for the use of the Federal Government* through purchase or lease, whether the supplies or services are already in existence or must be created, developed, demonstrated, and evaluated." 48 C.F.R. § 2.101 (emphasis added). The alleged bonding here was not done by the Federal Government, nor was it for the acquiring of "supplies or services." In other words, there is no basis to assert the United States contracted with Mr. Polinski or that the FAR applies to the alleged bonding contract. Again, there is no basis for reconsideration.

Fifth, Mr. Polinksi argues that:

> The combination of the U.S. Marshals' direct involvement, the fraudulent issuance of Federal Instruments, the direct Federal funding of the County shown in (Exhibit A Ucc-l with Allonge), and the County's bonding under Federal contract regulations constitutes deliberate indifference to the risk of Constitutional Violations, establishing a direct link between Federal actions and Plaintiff s irreparable harm.

ECF No. 22 ¶ 5. Again, none of these allegations do anything to support this court's jurisdiction. As the court previously explained, the only ascertainable allegation regarding the U.S. Marshals was for assault and battery. ECF No. 20 at 4. But as the court explained, that is clearly a tort claim that this court cannot hear. *Id.*; *see also* 28 U.S.C. § 1491(a)(1). In his motion to reconsider, Mr. Polinski adds arguments that fault the U.S. Marshals for their arrest

and detention of him.  ECF No. 22 ¶ 1.  If anything, that would amount to false arrest, which is a tort claim outside this court's jurisdiction.  *Krukowski v. United States*, 129 Fed. Cl. 440, 443 (2016) *appeal dismissed*, No. 17-1449, 2017 WL 11767607 (Fed. Cir. Mar. 22, 2017).  Again, the problem for Mr. Polinski is the lack of a money-mandating source of law that would confer jurisdiction on this court and nothing in this argument identifies one.  Again, there is no reason to reconsider the court's prior dismissal.

Finally, Mr. Polinski argues that he did identify a money-mandating source of law—the Fifth Amendment's Takings Clause—that he argues provides this court jurisdiction to redress the "unlawful taking of property and Constitutional Rights."  ECF No. 22 ¶ 6.  Although unclear, the court understands the argument about the taking of constitutional rights to allege a violation of those rights, which would properly be brought as a claim under 42 U.S.C. § 1983.  This court lacks jurisdiction to hear claims under Section 1983.  ECF No. 20 at 4.

And to the extent that Mr. Polinski claims that the Fifth Amendment provides this court jurisdiction, he is mistaken.  As the court explained in the prior order, the only allegations Mr. Polinski makes under the Fifth Amendment involve actions by state actors, not the United States.  *See* ECF No. 1 at 13 (Comptroller of the City of Utica, NY), 16 (Oneida County Sheriff's Department), 19 (Utica City Court and officials), 22 (City of Utica), 24 (Oneida County Executive), 26 (Oneida County District Attorney's Office), 29-30 (Utica Police Chief and unnamed officers), 32 (New York State).[1]  When it comes to the United States, however, Mr. Polinski does not allege any claim under the Fifth Amendment.  *See* ECF No. 1 at 30-31 (allegations against the United States limited to Section 1983), ECF No. 12 at 4 (allegations against the United States limited to failure to ensure the state did not violate Mr. Polinski's rights).  As the court explained previously, these allegations fail because this court lacks jurisdiction over states and state officials.  ECF No. 20 at 2.  Nothing in Mr. Polinski's motion changes that.  Therefore, Mr. Polinksi's arguments about the Fifth Amendment do not justify reconsideration.

This brings the court to Mr. Polinski's improper sealing of the record in this case.  When he filed his complaint on November 4, 2024, he did so under seal.  Because there was no motion for leave to seal the record, the court issued a show cause order on November 5, 2024, giving Mr. Polinski one month to show cause why any part of the record should remain sealed and to propose redactions to any document he wished to remain sealed.  ECF No. 5.  On December 9, 2024, Mr. Polinski filed a motion to seal the entire record in this case citing general privacy concerns.  ECF No. 9.  On January 10, 2025, this court denied the motion to seal the entire record because of the "strong presumption in favor of public access to court proceedings."  ECF No. 14 at 1 (quoting *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1356 (Fed. Cir. 2011)).  But the court did not unseal the record at that time.  Instead, the court gave Mr. Polinski another 20 days—until January 30, 2025—to propose redactions.  Mr. Polinski did not propose redactions.  When the court dismissed his complaint on February 7, 2025, it recognized that service in this case is by mail and stated that it would give Mr. Polinski until February 15, 2025, to propose redactions.  ECF No. 20 at 5.  Mr. Polinski has not proposed any redactions to the record in this case despite getting multiple directions to propose redactions over the last three months.  The

---

[1] The court cites the page numbers in the ECF Header for pagination.

court, therefore, directs the Clerk's Office to unseal the complaint and its exhibits, which are the only documents under seal in this case.

## Conclusion

For the foregoing reasons, the court DENIES the motion for reconsideration, ECF No. 22.


It is so ORDERED.

s/ Edward H. Meyers
Edward H. Meyers
Judge
